UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAPTAIN JAMES BRUCE HOCKING, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 10-11007-JLT |
| | * | |
| UNITED STATES OF AMERICA and | * | |
| UNITED STATES COAST GUARD, | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

July 21, 2010

TAURO, J.

In this action, Plaintiff seeks judicial review of a decision by the United States Coast Guard declaring him medically unfit to perform his duties as a merchant mariner, due to the defibrillator surgically implanted in his chest, and refusing to grant a medical waiver of his condition to enable him to renew his currently active license when it expires in 2012. Specifically, Plaintiff contends that the Coast Guard's decision violated his rights pursuant to Section 504 of the Rehabilitation Act[1] because the Coast Guard failed to conduct an individualized inquiry as to whether Plaintiff is otherwise qualified to perform the duties of a merchant marine officer, despite the presence of his defibrillator. Rather, the Coast Guard based its decision entirely upon a recent regulation issued by the Coast Guard Commandant, Navigation and Inspection Circular No. 04-

---

[1] 29 U.S.C. § 794.

08, which states that the presence of an implantable defibrillator, such as Plaintiff's, is "generally not waiverable."[2]

Presently at issue is <u>Plaintiff's Motion for Preliminary Injunction</u> [#3], by which Plaintiff asks this court to enjoin the Coast Guard from commencing an administrative hearing to determine whether to revoke Plaintiff's merchant marine license based on the prior finding that he is medically unfit for duty and not entitled to a medical waiver.  Because there has been no final agency action with regard to the specific issue Plaintiff asks this court to review, namely whether the Coast Guard's decision as to Plaintiff's medical fitness violated his rights under the Rehabilitation Act, <u>Plaintiff's Motion for Preliminary Injunction</u> [#3] is DENIED.[3]

Plaintiff's Rehabilitation Act challenge was raised in administrative proceedings for the first time through his answer to the Coast Guard's complaint seeking revocation of Plaintiff's license.  The Administrative Law Judge (ALJ) stated by an <u>Order Denying Motions for Summary Decision</u> in the revocation action that, in accordance with Plaintiff's due process rights, he will hold an evidentiary hearing to allow the parties to fully develop the facts with regard to Plaintiff's medical condition and how it may affect his fitness for duty.[4]  In addition to medical evidence, the ALJ directed the parties to provide any and all evidence or authority pertaining "to

---

[2] Compl., Ex. B., Navigation and Vessel Inspection NVIC No. 04-08.

[3] <u>See</u> <u>Bennett v. Spear</u>, 520 U.S. 154, 177-78 (1997) (holding that an agency action is final only when (a) the action marks the consummation of the agency's decisionmaking process; and (b) the action determines a party's rights or obligations, or legal consequences will flow from it). Because the Coast Guard has not yet had an opportunity to address the Rehabilitation Act challenge presented here, this court cannot conclude that any prior agency action that has occurred marks the consummation of the agency's decisionmaking process on that issue.

[4] <u>See</u> Pl.'s Reply Supp. Mot. Prelim. Inj., Ex. 8, Order Denying Motions for Summary Decision, 4.

the changes to medical requirements for Mariners contained in Navigation and Inspection Circular (NVIC) No. 04-08...or to Coast Guard regulations in 46 CFR Parts 10 and 11," if such are relevant to Plaintiff's situation.[5]

It is therefore clear from the ALJ's Order that Plaintiff may present and preserve any issues bearing on his medical fitness, as well as the potential license revocation that flows therefrom, in the administrative hearing.[6] And if, on completion of the hearing, the ALJ should either reject or fail to address Plaintiff's Rehabilitation Act challenge, Plaintiff is not without an adequate judicial remedy. To the contrary, he may appeal an adverse decision to the Commandant,[7] then to the National Transportation Safety Board,[8] and finally to the United States Court of Appeals.[9]

IT IS SO ORDERED.

        /s/ Joseph L. Tauro
     United States District Judge

---

[5] Id.

[6] As the ALJ pointed out in his Order, the determination not to grant a medical waiver of Plaintiff's implantable defibrillator is not subject to review in a revocation proceeding. But the ALJ explicitly stated that the evidentiary hearing would address the issue of whether Plaintiff is medically fit to perform his duties, despite the absence of a medical waiver.

[7] See 33 C.F.R. §§ 20.1003(a), 20.1004.

[8] See 49 U.S.C. § 1133 (3); 49 C.F.R. § 825.5.

[9] See 49 U.S.C. § 1153(a). Notably, upon judicial review, the Administrative Procedures Act requires the Court of Appeals to set aside agency action if it is "not in accordance with law" or is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." See Cousins v. Sec'y of U.S.D.O.T., 880 F.2d 603, 605 (1st Cir. 1989) (quoting 5 U.S.C. § 706(2)).